[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on July 23, 1994 in Bayamon, Puerto Rico. Both parties have lived in Connecticut at least 12 months prior to the filing of this Complaint. There is one minor child issue of this marriage: Sofia Alexandra Moreno, born March 4, 1998.
The evidence presented at trial has clearly established that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in § 46b-81, § 46b-82, § 46b-62, § 46b-56, 
sec; 46b-84 Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 5 1/2 years. Their one minor child is approximately 21 months old. The plaintiff is 35 years old and in good health. She is a Sixth-grade CT Page 16111 bilingual teacher in New Haven. Her present salary is approximately $43,654. per year. The parties stipulated that the plaintiff's net income is $696. per week.
The defendant is 48 years old and in good health. He has three children from a previous marriage. The husband presently works as a driver for Pepsi Cola and earns approximately $23,400. per year. The defendant had worked for Coca Cola for over 20 years earning close to $60,000. Per year. In August 1998, the defendant took a severance package from Coca Cola and used his severance pay of $11,000. to live on, until he found other employment with Pepsi but at a lower rate of pay.
The parties lived apart for 6 months but reconciled in May 1997. The defendant paid all the expenses of the marital home during that time. The plaintiff left the defendant again in January 1999 and the parties have lived apart since that time. The defendant has been paying the mortgage in the marital home in which he had continued to reside during the pendency of this matter.
The parties argued over money and over the wife's activities in Puerto Rican Community affairs. The wife spent one month every summer with her family in Puerto Rico which was also a source of arguments between the parties.
Both parties want the marital home which was purchased in May 1995. Both parties contributed to the purchase of the home and to the expenses. The wife did not contribute any funds to the home during the times she vacated the premises. Both parties want the house, which was the main issue in this trial. The home was refinanced in 1998 to obtain a lower interest rate.
Neither party filed an accurate financial affidavit at the time of trial, although the plaintiff filed an amended affidavit.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marriage.
The following orders shall enter:
REAL ESTATE
The marital home located at 31 Linda Ann Drive, Milford, CT Page 16112 Connecticut is found to have a fair market value of $185,000. subject to a mortgage in the amount of approximately $159,000.
The defendant shall have the opportunity of buying out the plaintiff's interest in said property upon a payment to the plaintiff in the amount of $10,400. Said sum is to be paid to the plaintiff within thirty days of date. It is further ordered that the plaintiff's name shall be removed from the mortgage within thirty days of date.
In the event that the defendant does not buy out the plaintiff's interest in the real estate and remove the plaintiff's name from the mortgage within thirty days of date, then in that event the Real Estate located at 31 Linda Ann Drive, Milford, Connecticut shall be listed for sale. The real estate shall be listed at a figure recommended by the listing Broker not to exceed $185,000.
If the real estate is not sold within 60 days after it is listed, then the listing price shall be reduced by an amount recommended by the listing Broker.
The parties shall accept an offer within 5% of the Listing Price.
The defendant shall be solely responsible for the mortgage, taxes, insurance, repairs and maintenance until such time as the Real Estate is sold, and he shall hold the plaintiff harmless from any and all liability thereon.
Upon the sale of the premises, after the payment of the Broker's fees, mortgage, attorney's fees and usual closing costs, the net proceeds shall be divided 60% to the defendant and 40% to the plaintiff.
The Court shall retain jurisdiction over any disputes arising out of the sale of the real estate.
CUSTODY AND VISITATION
There shall be joint legal custody of the minor child with physical residence to the plaintiff mother.
The defendant shall be entitled to reasonable and flexible visitation as the parties shall agree. The defendant shall give CT Page 16113 the plaintiff reasonable notice of his visitation plans.
CHILD SUPPORT
The defendant shall pay to the plaintiff as child support the sum of $50. per week in accordance with the child support guidelines. The defendant shall also pay 19% of the Daycare expense for the minor child which computes to $24. per week at this time.
Said support shall be paid until such time as the child completes high school or reaches the age of 19 years, death or emancipation.
Said order of support is effective immediately. An immediate withholding is ordered.
ALIMONY
1. The defendant shall pay to the plaintiff the sum of $1. per year as alimony for a term of 2 years, which term shall be non-modifiable. Alimony shall sooner terminate on the death of the plaintiff, her remarriage or cohabitation as defined by statute or the death of the defendant. At the present time, the plaintiff is earning more than the defendant and is employed by the New Haven Board of Education. Her future employment by the Board of Education appears to be secure.
2. No alimony is awarded to the defendant.
MEDICAL INSURANCE
The defendant shall continue to maintain coverage for the benefit of the minor child as is available to him through the Teamsters Union. Any unreimbursed medical expense shall be divided 81% by the plaintiff and 19% by the defendant in accordance with the child support guidelines, after the plaintiff has paid the first $100. deductible/unreimbursed medical expense per year for the minor child.
LIFE INSURANCE
The defendant has agreed to obtain and maintain a Life Insurance policy in the amount of $100,000 naming the minor child as irrevocable beneficiary of said policy for so long as he has CT Page 16114 an obligation for child support and it is so ordered. This provision shall be modifiable.
PERSONAL PROPERTY
1. Each party shall retain the personal property presently in their possession.
2. Each party shall retain the assets as shown on their respective Financial Affidavits.
PENSION
The defendant failed to list the value of his pension on his Financial Affidavit. The defendant testified it had a value of between $30,000 to $45,000. The defendant had been employed by Coca Cola for approximately 20 years and has rolled over his pension to his new employment at Pepsi Cola. The defendant is awarded his entire pension.
COUNSEL FEES
The defendant shall pay to the plaintiff as Counsel Fees the sum of $1500. within thirty days of date.
TAX EXEMPTION
The plaintiff shall take the minor child as a dependent for Federal and State Income tax purposes for the year 1999 and alternate years thereafter. This provision shall be modifiable.
CHANGE OF NAME
The plaintiff is granted a change of name to MATOS.
COPPETO, J.